## L. Duperron *v.* E. Communy et al.

The instruments and sign of a dentist are not liable to seizure for debt, (C. P. 644,) and where they have been seized, and the dentist has enjoined their sale, the seizure will not be maintained, in consequence of a third opposition on the part of the landlord claiming a privilege for rent. The landlord's right to seize is personal to himself, and an ordinary creditor will not be allowed to exercise it for him.

APPEAL from the Fifth District Court of New Orleans, *Buchanan* J. *J. C. David,* for plaintiff. *H. Y. Train,* for defendants. The judgment of the court (*Eustis,* C. J., absent,) was pronounced by

Rost, J. *Communy* was a judgment creditor of *Duperron* and caused all his furniture to be sold under execution. *Berniard,* the landlord of *Duperron,* claimed the proceeds of the sale by way of third opposition, and they were paid over to him under the judgment of the court. *Communy* then caused to be seized the surgical instruments and the sign of *Duperron,* who is, by profession, a dentist. *Duperron* enjoined the sale, on the ground that his instruments are protected from seizure by art. 644, C. P.

The district judge, considering that the sign was not exempt from seizure; that in relation to the instruments, there was a third opposition filed for arrears of rent, exceeding in amount the proceeds of the other property sold, and that, although the box of surgical instruments may not have been liable to seizure at the suit of *Communy,* it was liable to the claim of the landlord; dissolved the injunction. The plaintiff has appealed.

It appears to us, that the reasoning of the district judge does not support the judgment. If the movables already sold were not sufficient to pay the rent due, the landlord had the right to seize such portion of the surgical instruments as may have been necessary to satisfy his execution. But this was a right, personal to him, which *Communy* could not exercise. Art 644, C. P. would become a dead letter in this case, if *Communy* could seize the entire set of surgical instruments under the pretext of paying the rent, and retain the balance remaining after the judgment of the landlord was satisfied.

It may be doubted whether, under a fair interpretation of art. 644 already cited, the sign of the plaintiff is not one of the instruments necessary for the exercise of his profession. However this may be, *it is a thing of no value to any one* but himself, and we think that it properly comes under the rule *de minimis non curat lex.*

It is ordered, that the judgment in this case be reversed. It is further ordered, that the injunction be reinstated and made perpetual. It is further ordered, that the defendant, *E. Communy,* pay costs in both courts.